FILED
SUPERIOR COURT
OF GUAM

2020 SEP 23 PM 1: 28

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID J. LUJAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>JUNIOR LARRY HILLBROOM, as Trustee of the JLH Trust, KEITH A. WAIBEL, as an individual and as Trustee of JLH Trust, and DOES 1 through 20,<br><br>    Defendants. | CIVIL CASE NO. CV0776-09<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 23, 2020, upon both the Plaintiff's Motion to Amend Judgment filed on March 3, 2020, and the Defendant's Motion to Vacate Judgment filed on June 29, 2020[1]. Plaintiff David J. Lujan ("Plaintiff") was represented by Attorney James M. Maher. Defendant Junior Larry Hillbroom ("Defendant"), as Trustee of the JLH Trust, was represented by Attorney Samuel S. Teker. Having reviewed the pleadings and considered the arguments and relevant legal authorities in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On September 7, 2018, the Court issued its Findings of Fact and Conclusions of Law granting the Plaintiff's Motion for Default Judgment. The Court therefore, entered Judgment against the Defendant, and awarded the Plaintiff compensatory damages pursuant to the

---

[1] On August 20, 2020, the parties filed a Stipulation and Order to Withdraw Defendant Trustee Junior Larry Hillbroom's Motion to Vacate Judgment. The Court granted the Stipulation and Order on September 8, 2020.

contingency percentages set forth in the 1998 and 1999 Retainer Agreements. *See* Findings of Fact and Conclusions of Law (Sept. 7, 2018); *see also* Judgment (Sept. 7, 2018). Specifically, under the 1998 Retainer Agreement, the Plaintiff and co-counsel were awarded Two Million Two Hundred Fifty Thousand Nine Hundred Eighty-One and 05/100 Dollars ($2,250,981.05) from the JLH Trust and JLH Pacific Trust. *Id.* Further, under the 1999 Retainer Agreement, the Plaintiff was awarded One Million Five Hundred Forty Thousand One Hundred Forty-Four and 92/100 Dollars ($1,540,144.98) from the JLH Trust and the JLH Pacific Trust. *Id.* The Court denied the Plaintiff's request for punitive damages. *Id.*

On March 3, 2020, the Plaintiff filed the instant motion requesting that the Court amend the Judgment entered on September 7, 2018, to adjudge interest on the principal amounts the Court found to be due and owing to the Plaintiff. The Plaintiff makes this request pursuant to Rule 60(a) of the Guam Rules of Civil Procedure ("GRCP"). Based on the Court's Findings of Fact and Conclusions of Law, the Plaintiff argues that an award of interest was omitted from the Judgment, and maintains that he is entitled to six percent (6%) interest per annum on the awarded damages pursuant to Title 20 GCA § 2110.

On June 29, 2020, the Defendant filed his Opposition to the Plaintiff's Motion to Amend. In his Opposition, the Defendant contends that there is nothing in the Judgment that indicates that the Court intended to award statutory interest and that none was requested by the Plaintiff. Finally, the Defendant argues that the Plaintiff's request to amend the Judgment is not a clerical error that GRCP Rule 60(a) intended to address. Thus, the Defendant asserts that because the Plaintiff did not put forth evidence indicating that a clerical error was made, the Court should deny the Plaintiff's Motion to Amend.

On July 23, 2020, a hearing was held on the instant motion. Counsel for both parties appeared via Zoom. Subsequently, the Court took the matter under advisement on August 13, 2020.

## DISCUSSION

Guam Rules of Civil Procedure ("GRCP") Rule 60(a) allows a trial court to correct "clerical mistakes" and "errors [within judgments, orders, or other parts of the record] arising

from oversight or omission." Guam R. Civ. P. 60(a). "Clerical errors are generally viewed as mistakes or errors in the transcription or recording of a judgment, rather than broader mistakes in applying law or facts." *Cristobal v. Siegel*, 2014 Guam 16 ¶ 21. In *Cristobal*, the Supreme Court of Guam recognized that a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Id.* (quoting *People of Guam v. Alisasis*, 2006 Guam 9 ¶ 14). Further, in *Kerrigan v. Gill*, the District Court of Guam Appellate Division found that clerical mistakes under GRCP 60(a) include changes made to reflect the original intention of the court, "where what is written or recorded is not what the court intended to write or record." *Kerrigan v. Gill*, 1996 WL 104517, at *3 (quoting *Blanton v. Anzalone*, 813 F.2d 1547, 1577 n.2 (9th Cir. 1987); *see also Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990) ("A district judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision."). In other words, "[b]y its plain language, GRCP 60(a) does not provide for substantive changes to an order; indeed, if the argued-for correction could affect substantive rights, it is beyond the scope of GRCP 60(a)." *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 18 (*citing In re W. Tex. Mktg. Corp. v. Kellogg*, 12 F.3d 497, 504 (5th Cir. 1994))[2]. Therefore, a trial court may properly invoke Rule 60(a) to correct a judgment to reflect the ***original intention of the court***. *See Kerrigan*, at *3 (emphasis added).

Here, the Plaintiff argues that an award of interest was omitted from the Judgment, and maintains that he is entitled to six percent (6%) interest per annum on the awarded damages pursuant to Title 20 GCA § 2110. Thus, the Plaintiff moves the Court to amend the Judgment, pursuant to GRCP 60(a), to adjudge statutory interest on the principal amounts found to be due and owing to the Plaintiff by the Court in its September 7, 2018, Findings of Fact and Conclusions of Law.

---

[2] GRCP Rule 60(a) mirrors its Federal counterpart, Federal Rule of Civil Procedure 60(a), and therefore, authority construing the federal rule is persuasive when interpreting the Guam statutory rule. *See Kerrigan v. Gill*, 1996 WL 104517, at *3 (D. Guam App. Div. Mar. 6, 1996); *see also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 17 (citing *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 14).

Title 20 GCA § 2110 authorizes the award of prejudgment interest under specific circumstances:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him, upon a particular day, is *entitled also to recover interest thereon* from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

20 GCA § 2110 (emphasis added). "[T]he policy underlying authorization of an award of prejudgment interest is to compensate the injured party – to make that party whole for the accrual of wealth which could have been produced during the period of loss." *Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12 ¶ 19 (quoting *Wisper Corp. N.V. v. Cal. Commerce Bank*, 57 Cal.Rptr.2d 141, 147 (Ct.App.1996)).

In this case, it was always the Court's intention to make the injured party whole and to award the Plaintiff those damages that are due and owed under law. Thus, despite the Defendant's argument that the Plaintiff failed to put forth specific evidence indicating a clerical mistake, it was indeed the Court's intention to award all damages to which the Plaintiff is entitled to, including statutory interest. Accordingly, the Court **GRANTS** the Plaintiff's Motion to Amend Judgment and will award the Plaintiff statutory interest on the principal amounts found to be due and owing pursuant to 20 GCA § 2110.

**IT IS SO ORDERED** _____SEP 2 3 2020_____.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**